Odell v. Buck.

---

## ODELL *vs.* BUCK and others.

*Imbecility of mind*, not amounting to *lunacy* or *idiocy* in the grantor of land, is not sufficient to avoid his deed, where, in the obtaining it, there is no *fraud*.

The doctrine on this subject, laid down in *Jackson* v. *King*, 4 Cowen, 207, approved and adopted.

THIS was an action of *ejectment*, tried at the Delaware circuit in May, 1838, before the Hon. JOHN P. CUSHMAN, one of the circuit judges.

The plaintiff claimed under a deed to him from *Levi Buck* and his wife, dated March 29, 1830. The defence was, that *Buck*, at the time the deed was given, was incompetent to contract on the ground of *idiocy* or *insanity*. The

Odell v. Buck.

charge of the judge was unexceptionable, and the jury found a verdict for the defendants, which the plaintiff now moves to set aside, as against evidence.

*L. Monson*, for the plaintiff.

*M. T. Reynolds*, for the defendants.

*By the Court*, BRONSON, J. From the evidence, it satisfactorily appears that *Buck*, at the time the deed was executed, was not a *lunatic*, or one who had lost the use of that reason or understanding which he once had. His capacity for business was then very much the same that it had always been, though possibly his mental energy had diminished a little. He was not an *idiot*, or " one that hath *no understanding* from his nativity." Although a man of *imbecile mind*, he had reason and understanding.

*Fraud* was not set up as a ground of avoiding the deed, but the case turned wholly on the *incapacity* of the grantor to contract. This question was fully considered in *Jackson v. King*, 4 Cowen, 207. According to the doctrine of that case, it is impossible to say that this deed was void. No part of the evidence goes far enough to show a *total* want of understanding; and most of the evidence proves quite the contrary. He made contracts of several descriptions, and with such care and caution as evinced considerable mental energy. He had been at school, and learned to read and write; he performed military duty; was a member of a religious society; was married by the clergyman of that society a few months before the deed was executed; he appealed to the law for the vindication of his rights. He was a man of *weak mind*, but neither a *lunatic* nor a *fool*.

Following the case of *Jackson v. King*, I think we are bound to set aside the verdict as against evidence, on payment of costs.

New trial granted.